# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-00898-COA

**JEREMY CHRISTIAN**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/25/2021 |
| TRIAL JUDGE: | HON. CALEB ELIAS MAY |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| DISTRICT ATTORNEY: | STEVEN SIMEON KILGORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/25/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1. Following a jury trial in the Scott County Circuit Court, Jeremy Christian was convicted of aggravated assault and sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections (MDOC) with five years suspended and five years of supervised probation. On appeal, Christian's appointed counsel filed a *Lindsey*[1] brief, certifying that the case presents no arguable issues for appeal. Based on our independent review of the record, we agree that there are no arguable issues for appeal and affirm the conviction and sentence.

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

## FACTS AND PROCEDURAL HISTORY

¶2.     On January 12, 2019, on Horseshoe Road in Scott County, Christian was involved in a confrontation with Jay Johnson. Shannon Davidson and Christian's girlfriend, Jenny Stewart, were with Christian in Stewart's car. Johnson's girlfriend, Brittany Dunn, was with Johnson in his truck. After Johnson called his friend Tyler Martin for help, Martin, Wesley Taylor, and John Howell drove to Horseshoe Road in Howell's truck. There was a long history of bad blood between Christian and Johnson. Accounts of their initial confrontation on January 12 differ, but it appears that only words and threats were exchanged on Horseshoe Road.[2] When Martin, Taylor, and Howell arrived, Christian, Davidson, and Stewart left in Stewart's car and drove back to Christian's house, where he lived with his parents. When Christian arrived home, he retrieved a shotgun and rifle and waited outside the house, expecting that Johnson and his companions would arrive soon.

¶3.     Johnson, Dunn, Martin, Taylor, and Howell followed Stewart's car in their two trucks. Howell's truck ran out of gas, so Martin, Taylor, and Howell loaded into Johnson's truck and continued to Christian's house. According to Martin, Christian had "been harassing [Johnson] for years," and Martin wanted to "settle all this."

¶4.     Accounts of what followed differ. Martin testified that Christian and others were armed and waiting for them at the side of the road when they reached Christian's house. Martin and Dunn testified that Johnson stopped his truck on the side of the road and never

_____

[2] Davidson testified that Christian used a rifle to fire once in Johnson's direction just before they left Horseshoe Road. However, no other witness testified that any punches were thrown, guns drawn, or shots fired on Horseshoe Road.

pulled into Christian's driveway. Martin got out and began to argue with Christian. Christian then fired his shotgun into the air. After some additional back and forth, Christian suddenly shot Martin in the leg. Martin testified that he was unarmed and that none of his companions had displayed a gun. Martin acknowledged that there was a rifle in the back of Johnson's truck, but it was not loaded. After he was shot in the leg, Martin retreated to Johnson's truck. Johnson started to drive away, but the truck's back window shattered, and a bullet struck Dunn in the back. The bullet severed Dunn's spinal cord and left her paralyzed from the chest down. Additional bullets hit the truck as it drove away.

¶5.    Christian claimed that after he retrieved his shotgun and rifle from his house, he waited on his front porch only to defend himself and his friends and family. Christian testified that Johnson and his friends pulled in to the driveway. Christian testified that "a red laser" gun sight began "bouncing all around" him, and he was "scared to death." Christian "fired a warning shot in the air" with his shotgun. According to Christian, he told Johnson and the others to leave, but the red laser remained on him. He heard Howell urge Johnson to "take him out" and "shoot him."[3] In addition, Christian testified that Martin got out of the truck, threatened him, and moved toward him. Christian shot Martin in the leg with his shotgun, and Martin retreated to the truck. Christian then picked up his rifle and fired it at

---

[3] Christian's mother also testified that Christian was targeted with a red laser gun sight and that someone urged Johnson to shoot Christian and "take him out." However, Martin and Dunn denied that anyone ever aimed a gun at Christian or threatened to shoot him. Davidson also testified that he never saw anyone in Johnson's group with a gun or heard any of them "say anything that would make [him] think they had a weapon." Finally, Investigator Billy Patrick of the Scott County Sheriff's Office testified that a rifle was recovered from Johnson's truck, but it was not loaded and did not have any sort of laser sight.

the truck as it drove away, striking Dunn. No shots were ever fired at Christian.[4] However, Christian testified that he fired at the truck as it drove away because Johnson and the others were still threatening to kill him and his family.

¶6.     Christian subsequently gave two written statements to law enforcement. In the first statement, he admitted to shooting Martin with his shotgun but did not mention his rifle or that he had fired it at the truck as it drove away. In his second statement, he admitted that he also had fired his rifle at the truck, but he said he "had no idea [he] hit the truck."

¶7.     A Scott County grand jury indicted Christian for two counts of aggravated assault for shooting Dunn (Count I) and for shooting Martin (Count II). Following a trial in the Scott County Circuit Court, the jury found Christian guilty of Count I but not guilty of Count II. The court sentenced Christian to a term of fifteen years in MDOC's custody with five years suspended and five years of supervised probation. Christian filed a notice of appeal.[5]

## ANALYSIS

¶8.     *Lindsey*, 939 So. 2d at 748 (¶18), establishes the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." In this case, Christian's appointed appellate counsel complied with that procedure and certified that there are no arguable issues

---

[4] On cross-examination at trial, Christian claimed that Taylor had a gun and "pulled the trigger," but "the gun misfired." Christian did not mention this fact in either of his statements to law enforcement, and there is no other evidence to support the claim.

[5] Christian moved for a directed verdict at the close of the State's case-in-chief, but his motion was denied. He submitted a peremptory instruction at the close of the evidence, which was refused. He did not file any post-trial motions.

4

for appeal. Pursuant to *Lindsey*, counsel sent Christian a copy of the brief and advised him that he could file a pro se brief. This Court also entered an order granting Christian time to file a pro se brief. Christian did not file a brief.

¶9. The State presented sufficient evidence to support the conviction. In addition, this Court has "conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015). Therefore, Christian's conviction and sentence are **AFFIRMED**.

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**